**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2906
_____

SERGEANT DANIELLE ALSTON,
                                                    Appellant

v.

CITY OF PHILADELPHIA, d/b/a Philadelphia Police Department;
LIEUTENANT BRIAN DOUGHERTY, individually and in his official capacity
as lieutenant for the Philadelphia Police Department
_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
District Court No. 2-18-cv-02362
District Judge: Honorable Joshua D. Wolson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 21, 2021

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

(Filed: September 22, 2021)

_____

OPINION[*]

_____

SMITH, *Chief Judge*.

Danielle Alston, a former Sergeant with the Philadelphia Police Department, filed suit against her immediate superior, Lieutenant Brian Dougherty, and the City of Philadelphia, alleging, *inter alia*, a gender-based hostile-environment claim under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. *See Starnes v. Butler Cnty. Ct. Com. Pl.,* 971 F.3d 416, 426 (3d Cir. 2020) ("The Equal Protection Clause proscribes sex-based discrimination."). Sergeant Alston's claims against the City were dismissed. **22A.** In response to Lieutenant Dougherty's motion for summary judgment, Sergeant Alston abandoned one claim, opposing only the motion seeking summary judgment on her gender-based hostile-environment claim. **205-06A.** After the District Court granted Lieutenant Dougherty's motion for summary judgment, this timely appeal followed.[1]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. *Starnes*, 971 F.3d at 424.

Section 1983 hostile-environment claims "require the same elements of proof as a Title VII action." *Lewis v. Univ. of Pittsburgh*, 725 F.2d 910, 915 n.5 (3d Cir. 1983); *see also Starnes*, 971 F.3d at 426. In *Andrews v. City of Philadelphia*, this Court instructed that:

> five constituents must converge to bring a successful claim for a sexually hostile work environment under Title VII (1) the employees suffered intentional discrimination because of their sex; (2) the discrimination was pervasive and regular;[2] (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability.

895 F.2d 1469, 1482 (3d Cir. 1990); *see also Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001) (reiterating same elements to prove hostile work environment claim).

In analyzing Sergeant Alston's claim, the District Court considered the first and fifth elements. It concluded that Sergeant Alston could not support her claim with evidence of an errant text message that Lieutenant Dougherty sent to her because there was "[n]o evidence" suggesting that the text was sent "intentionally." 6A. It noted that the record did not contradict Lieutenant Dougherty's assertion that the text was sent by accident and that the lieutenant apologized in both a follow-up text and in person. *Id.*

---

[2] We have clarified since *Andrews* that the second element is whether the discrimination was "severe *or* pervasive." *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017).

3

Sergeant Alston contends this was error as the incident was "sufficiently severe to create a hostile work environment," Alston Br. 13, and she points to her own testimony that she was "shocked," *id.* at 15. We are not persuaded. Alston's subjective view of the errant text does not create an issue of fact about Lieutenant Dougherty's state of mind when the text was transmitted. Although she is correct that a single incident may be severe enough to create a hostile environment, *Castleberry*, 863 F.3d at 264, the severity of the sole, misfired text at issue here does not shed light on whether Dougherty acted intentionally.

Thus, we turn to Sergeant Alston's other contention that the District Court erred when it concluded that Alston failed to establish the existence of respondeat superior liability for the hostile environment created by some of the other sergeants and officers in the 35th District to which she was assigned. We have carefully reviewed the record before us, and conclude that the evidence establishes that some other officers were aware of some gender-based harassment of which Sergeant Alston complains. But the record does not show that Lieutenant Dougherty had actual or constructive notice of the gender-based harassment directed at Sergeant Alston. While Alston testified that she had ongoing conversations with Dougherty, she did not spell out the substance of those conversations and she admitted that she did not inform him of the other officers' harassing comments related to her clothing. Accordingly, we conclude that the District Court did not err when it

4

determined that Sergeant Alston failed to show a basis for holding Lieutenant Dougherty liable.

Accordingly, we will affirm the judgment of the District Court.